UNITED STATES of America,
Plaintiff–Appellee,

v.

Arturo REYES–MONTIEL,
Defendant–Appellant.

No. 01–10081.

D.C. No. CR–S–00–044–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Nov. 19, 2001.

804

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Arturo Reyes–Montiel ("Reyes") appeals his single count conviction, pursuant to a guilty plea, and sentence for unlawful reentry of a deported alien in violation of 8 U.S.C. §§ 1326(a) and (b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), and we affirm in part and remand in part with instructions to make technical corrections in the judgment.

### I

■ Reyes contends that he was deprived of due process because the waiver of his right to judicial review of his underlying deportation order was not "knowing and voluntary." Following an evidentiary hearing, the district court found that the Notice of Intent to Issue a Final Administrative Ruling was adequate, and that there was no evidence that Reyes did not understand it before signing or was under any compulsion to do so. Evidence presented by the government shows that an INS agent met with Reyes and explained his rights to him in Spanish before Reyes signed the expedited removal form that waived his rights. This included the right to contest deportation, the right to be represented by counsel, and the right to seek judicial review. Based on the record, we cannot say that Reyes's waiver of judicial review was not "considered" as well as "intelligent" simply because he met the agent in a prison setting only for a few minutes. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000) (quoting *United States v. Estrada–Torres*, 179 F.3d 776, 780–81 (9th Cir.1999)). Accordingly,

the government met its burden of proof. *See United States v. Lopez–Vasquez,* 1 F.3d 751, 754 (9th Cir.1993) (government bears burden of proof that waiver is knowing and voluntary). As Reyes knowingly and voluntarily waived his right to judicial review of his underlying deportation order, he cannot collaterally attack that order now. *Arrieta,* 224 F.3d at 1079 ("In a criminal proceeding, an alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order.").

■■■ Reyes also faults the INS for failing to comply with its own regulations governing expedited removals because the issuing service officer signed Reyes's I–851 form before anyone from the INS met with Reyes, and the Notice failed to advise of the right to seek withholding of deportation on account of persecution. However, even if the INS violated its regulations, Reyes cannot show prejudice. He admitted that he was not eligible for any form of relief from removal, and that he had no fear of returning to Mexico. Although Reyes contends that he need not show prejudice where the INS fails to follow its own regulations, we disagree. *See United States v. Muro–Inclan,* 249 F.3d 1180, 1185 (9th Cir.2001); *United States v. Garcia–Martinez,* 228 F.3d 956, 963–64 (9th Cir.2000); *United States v. Calderon–Medina,* 591 F.2d 529, 531 (9th Cir.1979). Finally, to the extent Reyes suggests that he might have been eligible for discretionary relief under 8 U.S.C. § 1182(h) because of extreme hardship, this is not correct in view of his aggravated felony conviction. *Arrieta,* 224 F.3d at 1079–80.

## II

The judgment contains a technical error because it lists both 8 U .S.C. §§ 1326(a) and (b) as the crime of conviction. Section 1326(b) does not define a separate punishable offense; therefore we remand only for the purpose of allowing the district court to enter a corrected judgment striking the reference to § 1326(b). *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–63 (9th Cir.2000).

## III

Reyes's claim under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

AFFIRMED in part; REMANDED in part with instructions.